Dear Senator Strong:
This opinion is in response to your question asking:
 A question has been raised by a Superintendent of a school district in my Senatorial district concerning the proper interpretation of Section 163.011 (8) and (10), RSMo., as it applies to the apportionment formula for schools.
 Under the definition of "operating levy" and "pupil weighted levy" should the State Department of Education be using the rate of levy that may be authorized in each school district or the rate of levy actually levied in each district? In many cases the people of a district have authorized a rate of levy which is in excess of that actually levied because of the various "roll back" provisions in the statutes.
Section 163.011(10), as enacted by House Committee Substitute for House Bill No. 1441, Eighty-Third General Assembly, Second Regular Session, and Section 163.011(10), as enacted by House Substitute for House Committee Substitute for Senate Bill No. 707, Eighty-Third General Assembly, Second Regular Session, define the term "pupil-weighted levy" for purposes of Section 163.031, as enacted by House Substitute for House Committee Substitute for Senate Bill No. 707, Eighty-Third General Assembly, Second Regular Session, using the term "equalized operating levy". The term "operating levy" is defined in Section 163.011(8), as enacted by House Committee Substitute for House Bill No. 1441, Eighty-Third General Assembly, Second Regular Session, and Section 163.011(8), as enacted by House Substitute for House Committee Substitute for Senate Bill No. 707, Eighty-Third General Assembly, Second Regular Session, in part as "the sum of tax rates levied for teachers, incidental, and building funds." (Emphasis added.)
The issue appears to be whether the tax rate that is "levied" for purposes of the School Aid Formula is the "tax rate ceiling", the tax rate ceiling less any voluntary reduction by the board of education of the school district, or the Proposition C adjusted tax rate (which is the actual rate appearing on the tax bills). For purposes of this opinion, we will use a hypothetical example of a school district (1) which has a tax rate ceiling of three dollars ($3.00) per one hundred dollars ($100.00) assessed valuation, (2) whose board of education has voluntarily chosen to levy a tax rate of thirty cents ($0.30) less than the permitted maximum, and (3) whose reduction in tax rate required by sales tax revenue received under Proposition C is one dollar ($1.00). The property tax rate actually appearing on the tax bills is therefore one dollar and seventy cents ($1.70) per one hundred dollars ($100.00) assessed valuation (the $3.00 tax rate ceiling less the $0.30 voluntary reduction and less the $1.00 Proposition C reduction).
Tax Rate Ceiling. Section 137.073, as enacted by Senate Committee Substitute for House Substitute for House Committee Substitute for House Bills Nos. 1022, 1032 and 1169, Eighty-Third General Assembly, Second Regular Session (hereinafter sometimes referred to as "Section 137.073"), and Missouri Constitution, Article X, Section 22(a), require the reduction of property tax rates under certain conditions. School districts may not increase their tax rates above such reduced rates without complying with the provisions of subsection 7(1) of Section 137.073.
Usually, such tax rate increases require voter approval.See Section 137.073.7(1). When voters consider such a tax rate increase, the ballot is normally in the following form:
 Shall the school board of ____________ (name of district) be authorized to increase the tax levy for __________ (list purpose or purposes) by ___________ (amount of increase) on one hundred dollars assessed valuation? If this proposition is approved by the voters, the total operating levy of the school district will be ____________ (amount) per one hundred dollars of assessed valuation.
Section 164.031, RSMo 1978.
Thus, the voters might approve a total operating levy of three dollars ($3.00) per one hundred dollars ($100.00) assessed valuation. This figure of three dollars ($3.00) would be the school district's tax rate ceiling.
Voluntary Rollbacks. Subsection 7(2) of Section 137.073
provides:
 (2) The governing body of any school district may levy a tax rate lower than its tax rate ceiling and may increase that lowered tax rate to a level not exceeding the tax rate ceiling, without voter approval. As used in this subdivision, the term "tax rate ceiling" shall also include any reductions mandated by section 164.013, RSMo.
(Emphasis added.)
Under the above-quoted provision, school districts can voluntarily roll back their tax rates below the tax rate ceiling. The term "tax rate ceiling" is defined to "include" Proposition C tax rate reductions. Thus, in our hypothetical, the Proposition C tax rate reduction of one dollar ($1.00) per one hundred dollars ($100.00) of assessed valuation is included in the three dollar ($3.00) tax rate ceiling. If, in our hypothetical, the school district wished to levy an amount thirty cents ($0.30) lower than its three dollar ($3.00) tax rate ceiling, its voluntarily rolled back rate would be two dollars and seventy cents ($2.70).
Proposition C Adjusted Tax Rate. Under Section 164.013, RSMo Supp. 1985, the total operating levy is reduced or adjusted annually under a formula which offsets property tax revenues by a certain percentage of the estimated Proposition C sales tax revenues. Thus, the Proposition C adjusted tax rate would be one dollar and seventy cents ($1.70) in the hypothetical above, because the Proposition C adjustment is one dollar ($1.00). It should be noted that the Proposition C adjustment is the last adjustment made to the levy and is changed from year to year. Section 164.013, RSMo Supp. 1985. The Proposition C adjustment is also based on estimates and is sometimes revised to reflect the "true" Proposition C adjustment. Section 164.013, RSMo Supp. 1985.
The annual Proposition C adjustment is just that — an adjustment — and does not become a part of a school district's permanent operating levy. Therefore, we conclude that the "tax rates levied" for purposes of the School Aid Formula are the school district's tax rates prior to the annual Proposition C tax rate adjustment. In our hypothetical example, the "tax rate levied" for purposes of the School Aid Formula is two dollars and seventy cents ($2.70) per one hundred dollars ($100.00) assessed valuation.
CONCLUSION
It is the opinion of this office that the "tax rates levied" for purposes of the School Aid Formula are the school district's tax rates prior to the annual Proposition C tax rate adjustment.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General